## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LAURIE A.  GRAYBIEL,

           Plaintiff,                        Case No. 13-14523
                                             Hon. Denise Page Hood

vs.                                        Mag. Judge Mona K. Majzoub

WEBSTER BANK, N.A.,
WELLS FARGO HOME MORTGAGE,
EXPERIAN INFORMATION SOLUTION,
INC., TRANSUNION, LLC, and
EQUIFAX, INC.

           Defendants.
_____

## ANSWER AND AFFIRMATIVE DEFENSES OF
## WEBSTER BANK, N.A.
_____

       Defendant  Webster  Bank,  N.A.  ("Webster  Bank"),  by  its  attorneys

Thompson Coburn LLP, for its answer and affirmative defenses to Plaintiff Laurie

A. Graybiel's Complaint, states as follows:

### GENERAL ALLEGATIONS

       1.     Plaintiff,  LAURIE  A.  GRAYBIEL  ("Laurie"),  is  an  individual

residing in Wayne County, Michigan.

       **ANSWER:**  Webster Bank neither admits nor denies the allegations in this

paragraph of the Complaint because it lacks knowledge or information sufficient to

know if the allegations are true.

2.      Defendant, WEBSTER BANK, N.A., ("Webster"), is a commercial bank based in Waterbury, Connecticut.

**ANSWER:**  Webster Bank admits that it is National Association principally located in Waterbury, Connecticut.

3.      Defendant, WELLS FARGO HOME MORTGAGE ("Wells Fargo"), is a California corporation with its headquarters in West Des Moines, Iowa.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

4.      Defendant, EXPERIAN INFORMATION SOLUTION, INC. ("Experian"), is a credit reporting agency with its headquarters in Costa Mesa, California.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

5.      Defendant, TRANS UNION, LLC ("TransUnion"), is a credit reporting agency with its headquarters in Chicago, Illinois.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

6.      Defendant, EQUIFAX, INC. ("Equifax"), is a credit reporting agency with its headquarters in Atlanta, Georgia.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

7.      Experian, TransUnion, and Equifax are referred to as "credit reporting agencies," collectively.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

8.      The amount in controversy is in excess of Twenty-Five Thousand and 00/100 ($25,000.00) Dollars.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

9.      Laurie had two home mortgages on her former residence located within Wayne County, Michigan.

**ANSWER:**  Webster Bank admits only that Plaintiff had a mortgage with Webster Bank on the property located at 44609 Cherry Ridge Road, Northville, MI 48168.  Webster Bank neither admits nor denies the remaining allegations in this

paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

10.     This suit further seeks declaratory judgment as to defendant Webster.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

11.     Jurisdiction and venue are therefore proper before this court.

**ANSWER:**  Webster Bank does not contest this court's subject matter jurisdiction or venue in this district.

## FACTUAL ALLEGATIONS

12.     Laurie had two mortgages on her former home.

**ANSWER:**  Webster Bank admits only that Plaintiff had a mortgage with Webster Bank on the property located at 44609 Cherry Ridge Road, Northville, MI 48168.  Webster Bank neither admits nor denies the remaining allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

13.     The first was through Wells Fargo, and the second was through Webster.

**ANSWER:**  Webster Bank admits only that Plaintiff had a mortgage with Webster Bank on the property located at 44609 Cherry Ridge Road, Northville, MI

48168.  Webster Bank neither admits nor denies the remaining allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

14.     Laurie short sold that home in August of 2012.

**ANSWER:**  Webster Bank admits the allegations of this paragraph of the Complaint.

15.     At the time of the short sale, Laurie was in default on both mortgages.

**ANSWER:**  Webster Bank admits only that Plaintiff was in default on her mortgage with Webster Bank on the property located at 44609 Cherry Ridge Road, Northville, MI 48168.  Webster Bank neither admits nor denies the remaining allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

16.     Both mortgages reported inaccurate and/or inconsistent data regarding the late payments and commencement of foreclosure to the credit reporting agencies in violation of the Fair Credit Reporting Act.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

17.     Laurie disputed the inaccurate reports with each credit reporting agency.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

18.    Despite each report having different and conflicting information, the credit reporting agencies each responded that the information reported was accurate.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

19.    Laurie also did a direct dispute to Wells Fargo and Webster.

**ANSWER:**  Webster Bank admits only that Plaintiff contacted Webster Bank regarding the credit reporting on her mortgage account.  Webster Bank neither admits nor denies the remaining allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

20.    Webster has reported to each credit agency that "foreclosure was started" despite the shortsale.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

- 6 -

21.    In response to its direct dispute, Webster indicated it would remove the erroneous "foreclosure was started" comment, but has failed to do so, thereby continuing to leave inaccurate information on Laurie's report.

**ANSWER:**  Webster Bank admits only that it advised Plaintiff that it would make a request to several of the credit reporting agencies to update the information in her credit file.  Webster Bank denies the remaining allegations of this paragraph of the Complaint.

## COUNT I

22.    The plaintiff realleges paragraphs 1 through 21 above as if fully restated here.

**ANSWER:**  Webster Bank restates its answers to the preceding allegations of the Complaint.

23.    Webster published inaccurate and inconsistent information to Experian, Equifax and TransUnion and [sic] ("Webster representation").

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

24.    Webster violated the FCRA, section 1681s-2(a) by continuing to report the Webster representation within plaintiff's credit file with Experian, Equifax and TransUnion.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.  Answering further, Webster Bank states that Plaintiff lacks standing to bring claims against Webster Bank under section 1681s-2(a) as consumers do not have a private right of action under that section.

25.    Webster violated the FCRA, section 1681s-2(a)(2) by failing to correct the inaccurate information after the dispute.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.  Answering further, Webster Bank states that Plaintiff lacks standing to bring claims against Webster Bank under section 1681s-2(a) as consumers do not have a private right of action under that section.

26.    Webster violated the FCRA, 15 section 1681s-2(a)(5), by using an inaccurate date of delinquency.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.  Answering further, Webster Bank states that Plaintiff lacks standing to bring claims against Webster Bank under section 1681s-2(a) as consumers do not have a private right of action under that section.

27.    Webster violated the FCRA, section 1681s-2(b) by failing to investigate and correct the inaccurate information as a result of Laurie's dispute.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

28.    As a result of this conduct, action and inaction of Webster, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

29.    Webster's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Webster is negligent entitling the plaintiff to recover actual damages under 15 U.S.C. 1681o, based upon Webster's duty to report accurately, breach of that duty, and plaintiff's damages suffered as a result.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

30.    The plaintiff is entitled to recover costs and attorney's fees from Webster in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

WHEREFORE, Webster Bank requests that Plaintiff's Complaint be dismissed with prejudice, that Webster Bank be awarded its costs and attorney fees incurred to defend this action and that Webster Bank be granted such other relief as is just.

## COUNT II

31.     The plaintiff realleges paragraphs 1 through 30 above as if fully restated here.

**ANSWER:** Webster Bank restates its answers to the preceding allegations of the Complaint.

32.     Wells Fargo published inaccurate and inconsistent information to Experian, Equifax and TransUnion ("Wells Fargo representation").

**ANSWER:** Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

33.     Wells Fargo violated the FCRA, section 1681s-2(a)(1) by continuing to report the Wells Fargo representation within plaintiff's credit file with Experian, Equifax and TransUnion.

**ANSWER:** Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

34.     Wells Fargo violated the FCRA, section 1681s-2(a)(2) by failing to correct the inaccurate information after the dispute.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

35.     Wells Fargo violated the FCRA, 15 section 1681s-2(a)(5), by using an inaccurate date of delinquency.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

36.     As a result of this conduct, action and inaction of Wells Fargo, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

37.     Wells Fargo's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined

by the Court pursuant to 15 U.S.C. § 1681n.   In the alternative, Wells Fargo is negligent entitling the plaintiff to recover actual damages under 15 U.S.C. 1681o based on a duty to report accurately, breach of that duty, and plaintiff's damages as a result.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

38.    The plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

WHEREFORE, Webster Bank requests that Plaintiff's Complaint be dismissed with prejudice, that Webster Bank be awarded its costs and attorney fees incurred to defend this action and that Webster Bank be granted such other relief as is just.

## COUNT III

39.    The plaintiff realleges paragraphs 1 through 38 above as if fully restated here.

**ANSWER:**  Webster Bank restates its answers to the preceding allegations of the Complaint.

40.    Experian, Equifax and TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the plaintiff.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

41.    As a result of the conduct, action and inaction of Experian, Equifax and TransUnion, the plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

42.    Experian, Equifax and TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent,

entitling the plaintiff to recover under 15 U.S.C. 1681o, based on a duty to follow reasonable procedures, breach of that duty, and plaintiff's damages as a result.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

43.    The plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

44.    Experian, Equifax and TransUnion violated 15 U.S.C § 1681i on multiple occasions by failing to delete inaccurate information in the plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Webster and Wells Fargo; by failing to maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

**ANSWER:** Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

45.     As a result of this conduct, action and inaction of Experian, Equifax and TransUnion, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

**ANSWER:** Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

46.     Experian, Equifax and TransUnion's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the plaintiff to recover actual damages under 15 U.S.C. 1681o.

**ANSWER:** Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

47.    The plaintiff is entitled to recover costs and attorney's fees from Experian, Equifax and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**  Webster Bank neither admits nor denies the allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

WHEREFORE, Webster Bank requests that Plaintiff's Complaint be dismissed with prejudice, that Webster Bank be awarded its costs and attorney fees incurred to defend this action and that Webster Bank be granted such other relief as is just.

## COUNT V (sic)

48.    Plaintiff realleges paragraphs 1 through 47 above as if fully restated here.

**ANSWER:**  Webster Bank restates its answers to the preceding allegations of the Complaint.

49.    The short sale approval by Webster constituted a unilateral contract, whereby certain conditions were set by Webster for approval of the short sale. Exhibit 1.

**ANSWER:**  The best evidence of Exhibit 1 is Exhibit 1 itself, and Webster Bank refers Plaintiff to Exhibit 1 for its answer to the allegations in this paragraph

of the Complaint.  Webster Bank denies all allegations in this paragraph of the Complaint except as expressly admitted herein.

50.    The contract stated that if the conditions were met, Webster would accept a discounted pay-off of the entire loan balance.  Exhibit 1.

**ANSWER:**  The best evidence of Exhibit 1 is Exhibit 1 itself, and Webster Bank refers Plaintiff to Exhibit 1 for its answer to the allegations in this paragraph of the Complaint.  Webster Bank denies all allegations in this paragraph of the Complaint except as expressly admitted herein.

51.    Laurie met all of her obligations under the contract, thereby obligating Webster to consider the balance settled.

**ANSWER:**  Webster Bank denies the allegations of this paragraph of the Complaint.

52.    Webster has reported the balance as settled, but continues to assert in communications that Laurie still owes the balance.

**ANSWER:**  Webster Bank admits that it has requested that the credit reporting agencies report the account as paid in full for less than the full balance. Answering further, Webster Bank neither admits nor denies the remaining allegations in this paragraph of the Complaint because it lacks knowledge or information sufficient to know if the allegations are true.

53.     Laurie brings this count seeking a determination that the letter attached as Exhibit 1, and Laurie's abiding by the terms as set by Webster, constitutes a full and final settlement of Laurie's obligation to Webster.

**ANSWER:**  Webster Bank denies that Plaintiff is entitled to any relief from this Court.

WHEREFORE, Webster Bank requests that Plaintiff's Complaint be dismissed with prejudice, that Webster Bank be awarded its costs and attorney fees incurred to defend this action and that Webster Bank be granted such other relief as is just.

## DEFENSES AND AFFIRMATIVE DEFENSES

While Webster Bank denies the allegations pled in the Complaint as stated above, Webster Banks raises the following additional defenses.  Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law.  Moreover, inclusion shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

1.     Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to state a claim against Webster Bank upon which relief may be granted in that Plaintiff has failed to pled sufficient facts to show a violation of the FCRA and, instead, offers mere legal conclusions.

2.      Plaintiff's claims fail because Plaintiff has not been damaged by any acts of Webster Bank and, to the extent Plaintiff has damages, such damages were caused by Plaintiff's own actions or inactions.

3.      Plaintiff's claims fail because Plaintiff has not been damaged by any acts of Webster Bank and, to the extent Plaintiff has damages, such damages may have been caused by independent third parties or by an intervening and superseding cause, including but not limited to the credit reporting agencies, third party lenders, or other individuals or entities as may be revealed in discovery, over whom Webster Bank have no control and for whom Webster Bank have no responsibility.

4.      Plaintiff's claims fail because Plaintiff has not been damaged by any acts of Webster Bank and, to the extent Plaintiff has damages, Plaintiff failed to mitigate her damages.

5.      To the extent Plaintiff seeks to recover her attorney's fees from Webster Bank as articulated in the Complaint's *ad damnum* clause, Plaintiff's claim fails because Plaintiff failed to plead facts supporting her allegations that the alleged FCRA violations, which Webster Bank deny exist, were either willful (15 U.S.C. § 1681n) or negligent (15 U.S.C. § 1681o).

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, unclean hands, and the economic loss doctrine.

7.    Plaintiff cannot prevail on her claims against Webster Bank because Webster Bank acted in good faith conformity and in reliance upon all applicable laws, rules, and regulations, and was further privileged in its actions.

8.    Plaintiff cannot prevail on her claims against Webster Bank because it did not act with negligence, willful intent to injure, or in conscious disregard for the rights of Plaintiff.

9.    Webster Bank maintained reasonable procedures to ensure maximum possible accuracy in reporting to the credit bureaus, thereby precluding any liability.  Webster Bank may not be held liable because any alleged violation of the law, which Webster Bank denies occurred, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

10.    Plaintiff's claims are barred, in whole or in part, because Webster Bank's reports concerning Plaintiff, if any, were true or substantially true. Moreover, Webster Bank has not willfully or maliciously published any untrue information with respect to Plaintiff's credit.

11.    Webster Bank's alleged supply of information – if any – was both privileged and justified.

12.    Webster Bank complied with the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, in its handling of Plaintiff's credit.

Furthermore, Webster bank acted in good faith in conformity with the applicable statutes, rules, regulations, and/or interpretations.  Accordingly, Webster Bank is entitled to each and every defense and limitation of liability provided by those statutes and regulations.

13.     Plaintiff's claims against Webster Bank are barred, in whole or in part, by the applicable statute of limitations (15 U.S.C. § 1681p).

14.     To the extent the Court finds liability in favor of Plaintiff, which Webster Bank denies would be appropriate, any damages are limited to those accruing on and after the applicable 30-day reinvestigation period and occurring within the two (2) years preceding the filing of Plaintiff's Complaint.

15.     Plaintiff's claims for exemplary or punitive damages and the Fair Credit Reporting Act damages model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of Michigan.  Webster Bank further adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:   *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and, *SAFECO Insurance Co. of America v. Burr*, 127 S.Ct. 2201 (2007).

16.    In the event that a settlement is reached between Plaintiff and any other defendant, Webster Bank is entitled to any settlement credits permitted by law.

17.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring claims against Webster Bank under section 1681s-2(a) as consumers do not have a private right of action under that section.

18.    Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

19.    Webster Bank reserves the right to assert additional defenses as may become apparent through additional investigation and discovery and to rely upon applicable affirmative defenses pled by other parties to the case.

WHEREFORE, Defendant Webster Bank requests that Plaintiff's Complaint be dismissed with prejudice, that Defendant Webster Bank be awarded its costs and attorney fees incurred to defend this action and that Defendant be granted such other relief as is just.

DATED:  December 4, 2013    Respectfully submitted,

       By: */s/ James L. Oakley*

         James L. Oakley
         Thompson Coburn LLP
         55 East Monroe, 37th Floor
         Chicago, Illinois 60603
         Telephone: (312) 346-7500
         Fax: (312) 782-1030
         Email: joakley@thompsoncoburn.com
         *Attorneys for Webster Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I, James L. Oakley, hereby certify that on the 4th day of December, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will automatically send notification of such filing to:

John R. Badeen, Esq.

Matthew J. Boettcher, Esq.

William M. Huse, Esq.

Laura K. Rang, Esq.

Sidney L. Frank, Esq.

Tamara E. Fraser, Esq.

*/s/* James L. Oakley
